FILED

JUN 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE ALFREDO ESTRADA
HERNANDEZ,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 14-71422

Agency No. A200-758-094

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015**

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Jose Alfredo Estrada Hernandez, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal and protection under the Convention Against Torture ("CAT").  Our

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that Estrada Hernandez did not establish a clear probability of future persecution on account of a protected ground if returned to Guatemala. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Thus, we deny Estrada Hernandez's petition as to his withholding of removal claim.

Substantial evidence also supports the agency's denial of CAT relief because Estrada Hernandez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the Guatemalan government if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). Thus, we deny Estrada Hernandez's petition as to his CAT claim as well.

14-71422

We lack jurisdiction over Estrada Hernandez's hardship and due process contentions because he did raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Finally, Estrada Hernandez's challenge to the conditions of his bond is not properly before us. *See, e.g., Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (clarifying the proper procedure for challenging a *Casas-Castrillon* bond determination).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**